IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RANDY D. WICKMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-1138-M |
| | ) | |
| ROGERS COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Invoking 42 U.S.C. § 1983, Mr. Randy Wickman challenges the validity of a conviction in Rogers County, Oklahoma.[1] Rogers County is in the Northern District of Oklahoma,[2] and venue is lacking in the present action. Thus, the Court should order dismissal without prejudice.

The threshold question is whether the Court can question venue without a defense motion. Prior to enactment of the Prison Litigation Reform Act, the Tenth Circuit Court of Appeals had said in *Williams v. Life Savings & Loan* that courts could not consider venue *sua sponte*.[3]

After this decision, however, Congress enacted a statute that allows courts to order dismissal *sua sponte* when a prisoner complaint is frivolous or fails to state a claim on which

---

[1]    Compl. 1-8, ECF No. 1.

[2]    *See* 28 U.S.C. § 116(a) (2006).

[3]    *Williams v. Life Savings & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) (*per curiam*).

relief can be granted.[4]  With adoption of this law, the Tenth Circuit Court of Appeals held in *Trujillo v. Williams* that a district court can order dismissal *sua sponte* when the face of the complaint shows that venue is lacking.[5]  Since the decision in *Trujillo*, the court has exercised the authority to consider venue *sua sponte*.[6]

Because Section 1983 does not expressly address venue, the Court must examine the general venue provision of 28 U.S.C. § 1391(b).[7]  This section provides venue in a district where a defendant resides, where a substantial part of the events had taken place, or where a defendant can be found if the action could not be brought elsewhere.[8]

Rogers County is not in the Western District of Oklahoma, and none of the underlying events took place in this district.  Thus, venue is lacking.

---

[4]      Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) (2006).

[5]      *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006).

[6]      *See Johnson v. Christopher*, 233 F. App'x 852, 853 (10th Cir. 2007) ("we are obliged to begin by acknowledging a district court's authority . . . to dismiss *sua sponte* cases not merely on their merits but also based upon improper venue" (citation omitted)); *Kenney v. Millennium Rail, Inc.*, 224 F. App'x 792, 793-94 (10th Cir. 2007) (stating that the court can "*sua sponte* dismiss an action for improper venue" (citation omitted)).

[7]      *See, e.g.*, *Arnold v. Maynard*, 942 F.2d 761, 762 (10th Cir. 1991) (applying 28 U.S.C. § 1391(b) to determine venue in a suit under 42 U.S.C. § 1983).

[8]      28 U.S.C. § 1391(b) (2006).

The resulting issue is whether the Court should order transfer or dismissal.[9]   In decided between the two, the Court can peek at the merits to determine if transfer would prove futile.[10]

In taking such a peek here, the Court can readily see that a transfer would serve no legitimate purpose regardless of whether Mr. Wickman were to pursue damages or seek earlier release.   Damages would be premature until the convictions have been invalidated elsewhere, and Mr. Wickman can only challenge the validity of the conviction through a habeas action.[11]   Thus, the Court should order dismissal rather than transfer the action to another district.   Nonetheless, the dismissal should be without prejudice because it would not involve a decision on the merits.[12]

Mr. Wickman can object to the present report; if he does, he must file the objection with the Court Clerk for the Western District of Oklahoma.   The deadline for objections is

---

[9]      *See* 28 U.S.C. § 1406(a) (2006) (stating that when venue is lacking, the court can transfer the action or order dismissal).

[10]      *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000).

[11]      *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (prematurity of a claim for damages); *Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973) (necessity of a claim for damages).

[12]      *See* Fed. R. Civ. P. 41(b) (stating that a dismissal for improper venue does not operate as an adjudication on the merits); *Goff v. Hackett Stone Co.*, No. 98-7137, 1999 WL 397409, at *2 (10th Cir. June 17, 1999) (unpublished op.) (stating that dismissals for improper venue "should be without prejudice" (citation omitted)).

December 7, 2012, and the failure to timely object would waive the right to appellate review

of the recommended dismissal.[13]

The referral is discharged.

Entered this 20th day of November, 2012.

_Robert E. Bacharach_

Robert E. Bacharach
United States Magistrate Judge

---

[13]    *See* 28 U.S.C.A. § 636(b)(1) (West 2011 supp.) (deadline for objections); Fed. R. Civ. P. 6(d), 72(b)(2) (deadline for objections); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) (waiver of appellate review).